UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES A. MENTEK, JR., CIVIL NO. 00-1249 (DSD/JMM)

Plaintiff,

v. ORDER

MS. S. HANSON (HSA), PRISON HEALTH SERVICES, HOYT A. BRILL (Warden), THOMAS RICE (Asst. Warden), and CORRECTIONS CORPORATION OF AMERICA,

Defendants.

On May 19, 2000, Plaintiff filed a Complaint with this Court against the above Defendants pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights [Docket No. 1]. On June 2, 2000, Plaintiff filed a Motion for Temporary Restraining Order and/or For Preliminary Injunction [Docket No.3], and on June 20, 2000, Plaintiff filed for an Emergency Retraining Order Under Threat of Eminent Danger [Docket No. 8]. On July 7, 2000, Defendants filed a Motion to Dismiss [Docket No. 9]. This Order governs the presentation of written materials relating to said Motions.

IT IS HEREBY ORDERED as follows:

1. Under the Rules of this Court, Defendants' Motion to Dismiss [Docket No. 9] may be granted, and Plaintiff's case dismissed, unless Plaintiff files a response to the Motion which demonstrates that the case should not be dismissed. See e.g. Rule 56(e) of the Federal Rules of Civil Procedure. This Order establishes the time by which Plaintiff must file the responsive Memorandum and any Affidavits which will show cause why the case should not be dismissed. If Plaintiff does not file that response on time, the Court may grant Defendant's Motion and dismiss Plaintiff's Complaint with prejudice.

FILED JUL 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

2. Plaintiff's Complaint may be dismissed unless on or before August 7, 2000, Plaintiff serves upon Defendants, and files with the Clerk of Court, a Memorandum, Affidavits or other responsive materials which substantiate facts and law showing that there is a genuine issue of material fact and that Defendants are not entitled to have Plaintiff's case dismissed as a matter of law.

3. Defendants shall serve and file their Responsive materials regarding Plaintiff's Motions for a Temporary Restraining Order [Docket Nos. 3 and 8] on or before August 7, 2000.

4. All motions will be considered on the written pleadings without oral argument, unless the Court determines there is a specific need to hold such a hearing. If any party fails to respond to a motion, the failure to respond will be treated as a default, and the relief requested in the motion may be granted.

5. No discovery of any kind shall be undertaken by any party pending further Order of this Court.

Dated: July 7, 2000

JOHN M. MASON
United States Magistrate Judge