UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES A. MENTEK, Jr.

CIVIL NO. 00-1249 (DSD/JMM)

Plaintiff,

v.

REPORT AND RECOMMENDATION

MS. S. HANSON (HSA), PRISON HEALTH SERVICES, HOYT A. BRILL (Warden), THOMAS RICE (Asst. Warden), and CORRECTIONS CORPORATION OF AMERICA,

Defendants.

The above matter is before the Court upon numerous Motions: Motion of Defendants Corrections Corporation of America, Hoyt A. Brill and Thomas Rice to Dismiss [Docket No. 10]; Motion of Defendants Prison Health Services and Sally Hanson to Deny All Relief Requested by Plaintiff [Docket No. 25]; Plaintiff's Motions for a Temporary Restraining Order [Docket Nos. 3 and 8]; and Plaintiff's Motion for Costs of Service [Docket No. 22].[1] The Motions were referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

## FINDINGS OF FACT/REPORT

### I. MOTION TO DISMISS OF DEFENDANTS CCA, BRILL AND RICE

#### Standard for Dismissal

The Court of Appeals for the Eighth Circuit has provided this standard for the consideration of a Motion to Dismiss pursuant to Rule 12(b)(6):

---

[1] The following Motions are also before the undersigned and are addressed in a separate Order issued by this Court: Plaintiff's two separate Motions to Allow Filing of Supplemental Complaints [Docket No. 16 and 21].

FILED NOV 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

> [A] motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784, 787 (8th Cir.), cert. denied, 444 U.S. 899, 100 S. Ct. 208, 62 L.Ed.2d 135 (1979). We must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader. United States v. Mississippi, 380 U.S. 128, 143, 85 S. Ct. 808, 816, 13 L.Ed.2d 717 (1965); see also Bennett v. Berg, 685 F.2d 1053, 1058-59 (8th Cir. 1983); Bramlet v. Wilson, 495 F.2d 714, 717 (8th Cir. 1974).

Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In considering a motion to dismiss, courts accept a Plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences. Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). The Court may not consider materials outside the pleadings on a motion to dismiss. Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992). However, it is well-established that the Court may review the entirety of documents attached to the Complaint:

> "Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985); *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984); *AmFac Mortgage Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 430 (9th Cir. 1978)."

Morton v. Becker, 793 F.2d at 187. Documents attached to the Complaint may be reviewed on a Motion to Dismiss, since they are part of the pleading.[2]

---

[2] Rule 10(c) of the Federal Rules of Civil Procedure provides: "(c) Adoption by Reference; Exhibits. . . . A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

Courts generally hold pro se plaintiffs to a less stringent standard than lawyers in drafting pleadings. Cruz v. Cardwell, 486 F.2d 550, 552 (8th Cir. 1973). However, pro se pleadings must not simply state vague or conclusory allegations. They must set forth facts which, if taken as true, state a claim as a matter of law. Johnson v. Stark, 717 F.2d 1550, 1552 (8th Cir. 1983).

## Procedural History

Plaintiff is a Wisconsin inmate housed at Prairie Correctional Facility (PCF) in Appleton, Minnesota pursuant to a contract between the Wisconsin Department of Corrections and the Corrections Corporation of America (CCA). Plaintiff claims that Defendants failed to provide prescribed over-the-counter medicine to him in a timely manner. On May 26, 2000, Plaintiff filed a Step I Grievance with prison authorities. He alleged that between April 1 and May 1, 2000 he was denied Zantac on three separate instances for a total of 14 days. (The details of the complaint are in the Grievance, which is attached as Exhibit 22 to the Amended Complaint). The prison denied the grievance with an apology, and an explanation that the failure to provide the Zantac resulted from problems with the prison's pharmaceutical supplier.[3]

On June 1, 2000, Plaintiff appealed the Step I decision to Step II. In the appeal, he also stated that he had commenced the litigation presently before the court. This appeal was denied on June 6, 2000, with this explanation:

---

[3] In response to Plaintiff's grievance regarding the deprivation of medicine, Defendant Rice wrote: "Our records indicate that you missed six days of medication due to PCF running out of supply and our supplier not delivering our supplies as ordered. I apologize for any discomfort that you may have suffered, but what happened was beyond the control of PCF." [Docket No. 6, Exhibit 22].

> "You failed to show deliberate indifference to a serious medical condition. See Aswegan v. Henry, 49 F.3d 461 (8th Cir.1995). Money damages not justified."

[Docket No. 6, Exhibit 23].

Plaintiff completed two Step III Grievance Forms on June 8, 2000. To the extent that these could be construed as appeals from the decision at Step II, they were denied on the merits, and for the procedural reasons that the documents were more in the nature of argumentation rather than an appeal, and that Plaintiff had already commenced litigation. (The details are in Exhibits 24A and 24B to the Amended Complaint).

This action was commenced by the filing of a Complaint on May 19, 2000. [Docket No. 1]. Prior to Answer or response by any Defendant, Plaintiff filed an Amended Complaint on June 16, 2000, as permitted by Rule 15(a) of the Federal Rules of Civil Procedure. [Docket No. 6]. (The document was captioned "Amended Supplemental Complaint."). Defendants CCA, Brill and Rice filed acknowledgments of service, and made a Motion to Dismiss the Amended Complaint. [Docket No. 10].

Defendant CCA is a private corporation based in Tennessee which runs Prairie Correctional Facility (PCF). Defendant Hoyt A. Brill is the warden at PCF and is employed by CCA. Defendant Rice is the Assistant Warden at PCF who examined Plaintiff's medical files in response to grievances filed regarding his medical care.

**A. Exhaustion of Administrative Remedies**

Defendants urge that Plaintiff's Amended Complaint is barred for failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), which provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

As noted, when this lawsuit was commenced on May 19, 2000, Plaintiff had not even commenced the use of administrative remedies. However, by June 9, 2000, he had exhausted his administrative remedies. Defendants do not argue that Plaintiff's grievances regarding the fourteen day deprivation of Zantac last April are not presently exhausted. Instead, Defendants argue that Plaintiff did not exhaust his administrative remedies until *after* filing his original Complaint on May 19, 2000. Defendants argue that this violates §1997e(a)'s requirement that "no action shall be *brought*" until such remedies are exhausted (emphasis added). Three Circuit Courts of Appeals have construed the language of § 1997e(a) in the manner urged by these Defendants. See e.g., Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534-35 (7th Cir.1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 525 U.S. 833, (1998); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir.1998), cert. denied, 526 U.S. 1133 (1999).

The Court of Appeals for the Eighth Circuit has not interpreted the PLRA to require exhaustion prior to suit, although it has not carefully analyzed the issue. In two cases, it summarily held that the PLRA requirement is satisfied as long as administrative remedies are exhausted at the time a court rules. Williams v. Norris, 176 F.3d 1089, 1090 (8th Cir.1999); Johnson v. Schirro, 221 F3d 1342, 2000 WL 576041 at *1 (8thCir.2000). Whether the Eighth Circuit would adhere to this point of view if the issue were squarely presented under different facts is not certain. In Graves v. Norris, 218 F.3d 884, 885-86

(8thCir.2000) the Court expressly declined to so rule.[4]

We recommend that the District Court conclude that Plaintiff has exhausted administrative remedies with respect to his claim concerning the period in which he was not provided with Zantac. After he did exhaust administrative remedies, Plaintiff amended his Complaint to contain the necessary allegations. Under the provisions of Rule 15(c) of the Federal Rules of Civil Procedure, the amendment "relates back to the date of the original pleading." His Amended Complaint, filed June 16, 2000, met the pleading requirement of the Court of Appeals for the Eighth Circuit by alleging exhaustion and attaching the grievance decisions to his Amended Complaint. See McAlphin, 216 F.3d 680, 682 (8th Cir. 2000)(quoting Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998)(per curiam) (in order to satisfy the requirements of § 1997e(a), a prisoner must allege in his Complaint that he "exhausted all available administrative remedies" and "should attach to his § 1983 complaint the administrative decision, it if is available, showing the administrative disposition of his complaint"). The relevant documents are attached as Exhibits 22, 23, 24A and 24B to the Amended Complaint, Docket No. 6.

---

[4] The Court stated: "Defendants filed a motion requesting an initial hearing en banc to consider whether our decision in Williams v. Norris, 176 F.3d 1089, 1090 (8th Cir.1999)--that it is improper to dismiss without prejudice when available prison administrative remedies are exhausted "at the time the [district] court ruled"--is contrary to the plain language of § 1997e(a) ("no action shall be *brought* "), as construed by a number of our sister circuits. See, e.g., *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534-35 (7th Cir.1999); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998); cf. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir.1998), *cert. denied*, 526 U.S. 1133, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999). We need not address that issue because it is clear from the record that at least some of plaintiffs' claims were unexhausted when the district court ruled." Graves, 218 F.3d at 885-86.

A finding that Plaintiff's Complaint is not barred by the PLRA also comports with the purposes underlying the requirement. The Eighth Circuit has identified at least four valuable objectives that are generally promoted by an exhaustion requirement. First, it helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency, (in this case the prison), might have to offer. Third, it acknowledges the autonomy and authority of administrative agencies, (and prison officials). Finally, to the extent that claims can be resolved at the administrative level, an exhaustion requirement promotes judicial economy. Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976). See also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992). The Sixth Circuit added that the exhaustion requirement ensures that, "a federal court should not prematurely "decide" the merits of any such action." Brown, 139 F.3d at 1104.

The function of the exhaustion requirement has been well served in this case. We are able to ascertain from Exhibit 22 the precise nature of the underlying claim, and from Exhibits 22, 23 and 24 the processing of the claim. This puts the Court and the parties in a position to undertake the necessary factual and legal analysis of whether the allegations in the Complaint will withstand a Motion to Dismiss on the merits.

Just as it is apparent that the exhaustion requirement has been satisfied as to the claims concerning the failure to provide Zantac discussed above, it is equally apparent that Plaintiff has failed to exhaust his administrative remedies as to any other claim sought to be asserted against the moving defendants. Accordingly, it is recommended that said Defendants' Motion to Dismiss the claim under 42 U.S.C. § 1983

for failure to exhaust administrative remedies be denied insofar as it seeks dismissal of the claims concerning the failure to provide Zantac for fourteen days last April [Docket No. 6, Exhibit 22], and granted in all other respects.

### B. Plaintiff's § 1983 Claims Against CCA, Brill and Rice

We now turn to the substantive allegations against Defendants CCA, Brill and Rice, as set forth in the Amended Complaint. Although we have concluded that the claim of failure to provide Zantac was not barred by the failure to exhaust administrative remedies, we conclude that the Motion to Dismiss this claim should be granted because the Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. To substantiate a claim under that statute, a Plaintiff must allege deprivation of a right, privilege or immunity under the Constitution or the laws of the United States by conduct of persons acting under color of state law. See Morton, 793 F.2d at 187.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide inmates with medical care. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Estelle v. Gamble, 429 U.S. 97, 103 (1976). To prevail on a claim of constitutionally inadequate medical care, the inmate must show that the prison officials' conduct amounted to deliberate indifference to the prisoner's serious medical needs. See Estelle, 429 U.S. at 104; see also Dulany v. Carnahan, 132 F.3d 1234, 1237-1238 (8th Cir. 1997). An Eighth Amendment violation has been held to have an objective and subjective component: a plaintiff must demonstrate (1) that he or she suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs. See Farmer, 511 U.S. at 847; see also Dulany, 132 F.3d at 1239.

To be considered an objectively serious medical need, the seriousness "must be either obvious to the layperson or supported by medical evidence." Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir.1999). The Eighth Circuit stated that deliberate indifference may be demonstrated by a showing that prison officials:

> intentionally den[ied] or delay[ed] access to medical care or intentionally interfer[ed] with prescribed treatment, or...fail[ed] to respond to a prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation.

Dulany, 132 F.3d at 1239 (citations omitted). Thus, deliberate indifference requires that the plaintiff show more than ordinary lack of due care, inadvertence or good faith error. See also Givens v. Jones, 900 F.2d 1229 (8th Cir. 1990). In the rare case, "grossly incompetent or inadequate care can constitute deliberate indifference, but the care provided must be so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Dulany, 132 F.3d at 1242.

Plaintiff was advised in the administrative proceedings that his claim was denied because he did not "show deliberate indifference to a serious medical condition." His attention was then called to the case of Aswegan v. Henry, 49 F.3d 461 (8th Cir.1995), which explains the pleading requirements in detail: Where the seriousness of the need is not obvious to a layperson, a Plaintiff must provide medical evidence. Here the layperson would not conclude that the condition was serious. Plaintiff, like millions of other persons, suffers from a gastrointestinal disturbance, the symptoms of which are sometimes relieved by use of an over-the-counter medication such as Zantac, Pepcid AC, or similar pills. Although the pills were prescribed by a physician, there is no medical evidence to suggest

that a delay in providing these pills caused a medical problem of any kind, and certainly not a serious medical condition. See Green v. Baron, 879 F.2d 305, 310 (8th Cir. 1989) ("discomfort alone does not violate the constitution").

Plaintiff has not only failed to provided sufficient allegations of a serious medical need, he has wholly failed to allege that any of the defendants knew of and were deliberately indifferent to his medical problems. His own pleadings, and the exhibits thereto, establish that the failure to provide the Zantac was the result of supply difficulties, not wilfull failure. The pleadings also establish that efforts were made to correct the problem, and these efforts were ultimately successful.

As an additional element, liability for a 42 U.S.C. § 1983 violation turns on a defendant's personal involvement in the deliberate indifference to a plaintiff's serious needs. Plaintiff has not made allegations against CCA, Brill or Rice which establish any reason why these defendants should be held liable, even if a cause of action were stated against others.

It is well-settled that employers and supervisors cannot be held vicariously liable for civil rights violations allegedly committed by their employees or subordinates, because the doctrine of respondeat superior does not apply to § 1983 claims. See Rizzo v. Goode, 423 U.S. 362, 370-371 (1976); Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). To state an actionable civil rights claim against a corporate employer, a plaintiff must plead, (and ultimately prove), that his or her constitutional rights were violated as a result of some policy or custom adopted by the employer. See City of Canton v. Harris, 489 U.S. 378, 386-87 (1989). A long standing pattern of failure to act following notice of unconstitutional

conduct will support inference of deliberate indifference. See Harris v. City of Pagedale, 821 F.2d 499, 507 (8th Cir.1987); Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion) (an actionable policy or custom, or failure to train, cannot be inferred from a single instance of unconstitutional activity).

Likewise, "[a] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement" in an alleged civil rights violation. Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam), citing Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam). See also Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). "[A] supervisor incurs liability for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(citation omitted). "'The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see.'" Id.

Plaintiff must plead that his or her rights were violated as a result of some policy, long standing pattern of practice, or custom adopted by CCA. See City of Canton, 489 U.S. at 386-87; Monell, 436 U.S. 690-691 (1978). Plaintiff's Complaint contains no allegations which purport to describe a policy, pattern or custom of CCA's which contributed to Plaintiff's alleged injuries.

For the reasons set forth above, we recommend that the allegations in Plaintiff's Complaint against Defendants CCA, Brill and Rice based upon 42 U.S.C. §1983 be dismissed with prejudice. The allegations in the Complaint based upon the failure to

provide Zantac fail to state a claim under 42 U.S.C. § 1983, and any other claims against these defendants under that statute are barred for failure to exhaust administrative remedies.

### C. Other Claims Against Defendants CCA, Brill and Rice

In addition to his claim under 42 U.S.C. §1983, Plaintiff's Complaint purports to make other claims against Defendants CCA, Brill and Rice. These allegations were not addressed in the Motion, and we decline to address them here, particularly since it will be necessary to consider additional motions by other parties in any event.

## II. MOTION OF PRISON HEALTH SERVICES AND SALLY HANSON

The reasoning which leads to the conclusion that Plaintiff's claims under 42 U.S.C. §1983 should be dismissed against Defendants CCA, Brill and Rice would seem to apply equally to Defendants Prison Health Services and Sally Hanson. However, these Defendants have not perfected a Motion seeking such relief. They made a Motion seeking an Order "denying all of the relief requested by Plaintiff." [Docket No. 25]. This Motion does not appear to be a Motion contemplated by the Federal Rules of Civil Procedure. More important, the Motion was unsupported by any other pleadings. It did not provide the court with any supporting memoranda, affidavits or exhibits explaining the grounds for such an order, or a proposed order. Federal Rule of Civil Procedure 7(b) states: "an application to the court for an order shall be by motion which...shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b). See also Local Rule 7.1(b)(2)(A), which requires the submission of supporting materials. We recommend that the Motion of Defendants Prison Health Services and Sally Hanson be denied without prejudice.

## III. PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff has moved for a Temporary Restraining Order and/or for Preliminary Injunction "barring the denial of medication ordered by any physician for the treatment of Plaintiff's serious medical conditions, and barring any medical treatment that would inflict pain and suffering upon Plaintiff." [Docket No. 3]. Plaintiff has also sought an Emergency Restraining Order Under Threat of Imminent Danger barring Defendants from "any type of disciplinary action against [Plaintiff] of unjustified nature, enjoining Defendants from depriving [Plaintiff] of any of his legal materials and pleadings in his possession and that are pending before any state or federal court, and further order that [Plaintiff] be immediately transferred out of PCF and sent back to the State of Wisconsin, his sending jurisdiction." [Docket No. 8]. By Order of this Court dated July 7, 2000 [Docket No. 9] Defendants were required to respond to these Motions by August 7, 2000, but they have failed to do so. Nonetheless, we recommend that these Motions be denied.

In deciding motions such as these, the court weighs (1) the threat of irreparable harm to the moving party; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant if the injunction is denied and the harm to other parties if the injunction is granted; and (4) the public interest. See Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (citing Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). The party seeking the injunction has the burden of establishing these factors. Davis v. Francis Howell Sch. Dist., 104 F.3d 204, 205 (8th Cir. 1997).

Plaintiff has not established that he is threatened with irreparable harm. This showing is Plaintiff's burden to meet. See Davis, 104 F.3d at 205 (the party seeking the

injunction has the burden of establishing the Dataphase factors). By Plaintiff's own pleadings, it appears that the failure to provide the medication was a result of a temporary shortage, which has since been remedied. Defendants are likely to prevail on the merits. The public interest is not served by the issuance of any injunction or other temporary relief.

## IV. PLAINTIFF'S MOTION FOR COSTS OF SERVICE ON DEFENDANT HANSON

A copy of the Complaint, accompanied by Waiver of Service of Summons forms, was mailed to Defendant Sally Hanson with a stamped self-addressed envelope on May 30, 2000 [Docket No. 22, Exhibit 1]. The Waiver forms stated that an answer must be provided within sixty days from May 30. Rule 4(d)(2)(F) states that a party shall be allowed a reasonable time, at least thirty days, to return the waiver. Thus, the signed waiver was due on or about June 29, 2000 and an answer due by July 29, 2000. [Docket No. 22]. The form stated "it is not good cause for a failure to waive service that a party believes that the complaint is unfounded." [Docket No. 22, Exhibit 8].

Defendant Hanson did not return the waiver form until September 12, 2000 after repeated requests by Plaintiff. [Docket No. 22, Exhibits 2, 4 and 5]. On the same day, Plaintiff mailed his request to the Swift County Sheriff's Office that they effectuate immediate service on Defendant. [Docket No. 22, Exhibit 12] (showing postage deducted from his account on September 12, 2000).

Plaintiff seeks to recover these costs incurred in effecting personal service upon Defendant Sally Hanson pursuant to Rule 4(d)(5) of the Federal Rules of Civil Procedure. Where a Defendant fails provide the signed waiver form or an Answer within the time specified, she may be compelled to pay the plaintiff's costs of service under the Federal Rules of Civil Procedure. Rule 4(d)(2) states in relevant part:

> An individual, corporation, or association that is subject to service under subdivision (e),(f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons.... If a defendant... fails to comply with a request for waiver...the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2). Rule 4(d)(5) further states, "the costs to be imposed on a defendant under paragraph (2)...shall include the costs subsequently incurred in effecting service..., together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service." Fed. R. Civ. P. 4(d)(5). The language of Rule 4 is mandatory. The court "shall" impose costs of effecting service, including this Motion filed to collect the costs of service, unless Defendant Hanson-Banken can show good cause for her failure to comply with Plaintiff's request for waiver.

A showing of good cause requires "at least 'excusable neglect' -- good faith and some reasonable basis for noncompliance with the rules." Adams v. Allied Signal General Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996) (discussing Rule 4(m)'s requirement that a plaintiff have good cause for not effectuating service within 120 days from the filing of a complaint); Lujano v. Omaha Public Power Dist., 30 F.3d 1032, 1035 (8th Cir.1994). Simple inadvertence or mistake of counsel does not suffice. Prisco v. Frank, 929 F.2d 603, 604 (11th Cir.1991).

In opposition to Plaintiff's Motion, [Docket Nos. 26 and 27], Defendant states that she did not respond to service for several reasons. First, she states that she has never been sued before, and was uncertain of the significance of the documents. Plaintiff also states that she sent the documents to her employer, PHS, and expected them to

address the matter. Plaintiff states that her name is Sally Banken and the documents were incorrectly addressed to Sally Hanson. Finally, she states that she believed Plaintiff was merely harassing her.

We conclude that Defendant Hanson or her employer should be required to pay the costs of service which were occasioned by her failure to provide the waiver of service. Her lack of knowledge of the law and her belief that Plaintiff was merely harassing her with this lawsuit do not excuse her failure to comply. As Plaintiff points out, the waiver form specifically stated "it is not good cause for a failure to waive service that a party believes that the complaint is unfounded." [Docket No. 22, Exhibit 8]. See also Morales v. SI Diamond Technology, Inc., 1999 WL 144469, *2 (S.D.N.Y. 1999)(granting costs of service and attorney's fees incurred in making motion to collect costs where defendant failed to comply with waiver request because he believed the complaint lacked merit).

Plaintiff's employer did not receive the pleadings which Defendant states were sent after they were served. Assuming that Defendant mailed the documents to her employer, this would not amount to an excuse for noncompliance. Defendant did not follow up or investigate whether PHS received the documents within the stated thirty day time period for return. We think such inaction cannot constitute 'excusable neglect.' Simple inadvertence or mistake, even on the part of PHS or the postal system, does not suffice.

Defendant also argues that Plaintiff cannot collect costs because he failed to properly address his documents. Plaintiff wrote to 'Sally Hanson' while Defendants says her true name is 'Sally Banken'. In order to effectuate service by mail, Plaintiff must comply with requirements delineated in Rule 4(d)(2) which includes addressing the

documents "directly to the defendant." Fed. R. Civ. P. 4(d)(2)A). Fulfilling the Rule's requirements is a condition precedent to a demand for costs for refusal to waive service. See Spivey v Board of Church Extension, 160 F.R.D. 660, 663 (M.D. Fla. 1995). In Spivey, the case cited by Defendant for her argument, a plaintiff addressed service and waiver forms to 'Edwin Ross' when in fact the defendant's true name was 'R. Edward Ross'. The court denied the plaintiff's motion for costs of effectuating service because of this defect in the waiver.

In his Reply brief, Plaintiff notes that this Defendant uses her maiden name, Hanson for all purposes of her employment at PHS. Other inmates and staff at the facility refer to her as Ms. Sally Hanson. She receives and signs documents attached to Plaintiff's Complaint as Ms. Hanson. [E.g. Docket No. 29, p. 2, Exhibit 1]. In addition, she is the director of Health Services at PCF [Docket No. 27, ¶ 4] and the Complaint is clearly directed to 'Ms. Hanson, Health Services Administrator at PCF' as a Defendant. We conclude that Plaintiff has complied with Rule 4(d)(2)(A)'s requirement that the notice and request for waiver be addressed directly to the defendant.

Plaintiff claims that the costs of effectuating personal service amount to $99.37 ($12.30 for two copies of the Complaint; $20.71 for postage to Swift County Sherriff; $47.75 for service by Sheriff; $11.00 in copies to prepare current Motion; $2.65 for a typewriter ribbon; $.78 for legal envelopes, $4.96 for postage to mail this Motion). We agree that Defendant should not have to pay the costs of a typewriter ribbon that was likely used for projects unrelated to effectuating service and $2.65 should be deducted accordingly. Defendant also argues that she should not have to pay $20.71 for postage to the Swift County Sheriff's Office, "particularly when he knew by June 29 that Ms. Banken

was not going to waive personal service" and he could have sent the documents by regular mail which would not have cost as much. [Docket No.26, p. 3]. We disagree. Plaintiff repeatedly informed Defendant that she must respond to his request for waiver or she would served by the Sheriff and charged costs pursuant to 4(d)(2). [Docket No. 22, Exhibits 4 and 5]. Plaintiff waited for her response which did not come. He was under pressure to effectuate personal service within 120 days from May 30 and sent his documents to the Sheriff with only two weeks remaining of that 120 days. Plaintiff is thus entitled to recover the costs of effectuating personal service on Defendant Hanson-Banken in the amount of $97.50.

## RECOMMENDATION

For the reasons set forth above, it is recommended as follows:

1. The Motion of Defendants Corrections Corporation of America, Hoyt A. Brill and Thomas Rice's to Dismiss [Docket No. 10] should be denied without prejudice, except that the allegations in Plaintiff's Complaint against Defendants CCA, Brill and Rice based upon 42 U.S.C. § 1983 should be dismissed with prejudice;

2. The Motion of Defendants Prison Health Services and Sally Hanson to Deny All Relief Requested by Plaintiff [Docket No. 25] should be denied without prejudice;

3. Plaintiff's Motion for a Temporary Restraining Order and/or for Preliminary Injunction [Docket No. 3] and for an Emergency Restraining Order Under Threat of Imminent Danger [Docket No. 8] should be denied;

4. Plaintiff's Motion for Costs of Service [Docket No. 22] should be granted and Defendant Hanson be ordered to pay $97.50 to Plaintiff.

Dated:

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **December 11, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **December 11, 2000**.