UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES A. MENTEK,

Plaintiff,

v.

MS. S. HANSON (HSA), PRISON HEALTH SERVICES, HOYT A. BRILL (Warden), THOMAS RICE (Asst. Warden), and CORRECTIONS CORPORATION OF AMERICA,

Defendants.

CIVIL NO. 00-1249 (DSD/JMM)

ORDER

The above matter is before the undersigned upon Plaintiff's two separate Motions to Allow Filing of Supplemental Complaints [Docket No. 16 and 21].[1]

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motions to Allow Filing of Supplemental Complaints [Docket Nos. 16 and 21] are denied without prejudice.

dated: November 27, 2000

JOHN M. MASON
United States Magistrate Judge

---

1 The following Motions are also before the undersigned and are addressed in a separate Report and Recommendation issued by this Court: Motion of Defendants Corrections Corporation of America, Hoyt A. Brill and Thomas Rice to Dismiss [Docket No. 10]; Motion of Defendants Prison Health Services and Sally Hanson to Deny All Relief Requested by Plaintiff [Docket No. 25]; Plaintiff's Motions for a Temporary Restraining Order [Docket Nos. 3 and 8]; and Plaintiff's Motion for Costs of Service [Docket No. 22].

NOV 27 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

Although Plaintiff's Motions are denominated as Motions "To Allow Filing of Supplemental Complaint" it is apparent that Plaintiff seeks to again amend his Complaint. In his first Motion to Supplement the Complaint [Docket No. 16], Plaintiff seeks to add three additional issues: denial of due process, retaliation, and criminal conspiracy against Defendants CCA, Brill and Rice and to name as additional Defendants, Chief of Security Patrick O'Malley, and attorney, John Riches for their roles in the above issues [Docket No. 16]. In his second Motion to Supplement the Complaint, Plaintiff seeks to add another incident of denial of medication by Defendants PHS and Hanson-Banken [Docket No. 21].

As a preliminary matter, these Motions are denied because they do not comply with the requirements of Local Rule 15.1. Plaintiff failed to provide a copy of the proposed amended pleading, and they purport to incorporate prior pleadings by reference. The Motions are denied for the additional reason below.

The Standards governing the amendment of pleadings are well settled. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." See also Buder v. Merrill Lynch, Pierce Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). The applicable standard is summarized in Foman v. Davis, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave should, as the rules require, be "freely given."

The function of the rule "is to enable a party to plead matters . . . that were unknown to him at the time he interposed his original complaint or answer." Trustees of Graphic Communications Int'l Union Local 229 v. Rapid Copy, Inc., 620 F. Supp. 202, 207 (D. Minn. 1985).

The statutory requirement that requires prisoners to exhaust administrative remedies before brining 42 U.S.C. § 1983 claims prevents Plaintiff from prevailing on these new claims, thus making an amendment futile. See 42 U.S.C. § 1997e(a). It appears from his Motions that Plaintiff seeks to make new allegations against new parties, as to new circumstances. However, the question of whether Plaintiff has exhausted his administrative remedies is not apparent from the pleadings. In McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000) the Court of Appeals for the Eighth Circuit quoted with approval the decision in Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998)(per curiam). In that case, the Court held that in order to satisfy the requirements of § 1997e(a), a prisoner must allege in his Complaint that he "exhausted all available administrative remedies" and "should attach to his § 1983 complaint the administrative decision . . . showing the administrative disposition of his complaint." Brown, 139 F.3d at 1104. Plaintiff has not done this as to these Motions. The relevant documents were in fact attached as Exhibits 22, 23, 24A and 24B to Plaintiff's first "Amended Supplemental Complaint" [Docket No. 6]. This served to facilitate review, and also served the other purposes underlying the exhaustion requirement, as more fully explained in the Report and Recommendation issued today in this case. This background highlights the importance of enforcing the requirement by denying these new motions.

We note that the Court of Appeals for the Eighth Circuit has cautioned: "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir.1983). We also note that in a letter to one of the Defendants, Plaintiff stated that he "litigate[s] for a living and ha[s] been litigating for the last (15) years." [Docket No. 6, Amended Complaint, Exhibit 12A, p. 1]. It is appropriate that the procedural requirements of the law be followed for all parties.

JMM