UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1249(DSD/JMM)

James A. Mentek, Jr.,

Plaintiff,

v. **ORDER**

Ms. S. Hanson (HSA), Prison Health Services, Hoyt A. Brill(Warden), Thomas Rice (Asst. Warden), and Corrections Corporation of America,

Defendants.

James A. Mentek, #5976, Prairie Correctional Facility, Box 500, Appleton, MN 56208-0500.

Bruce P. Candlin, Esq., Candlin & Wright, 3800 West 80th Street, Suite 1500, Bloomington, MN 55431, counsel for defendants Ms. (HSA) Hanson and Prison Health Services.

John W. Riches, Prairie Correction Facility, Staff Personnel, P.O. Box 157, Appleton, MN 56208, counsel for defendants Hoyt Brill and Corrections Corporation of America and Thomas Rice.

This matter is before the court on the report and recommendation by United States Magistrate Judge John M. Mason dated November 27, 2000. In that report, the magistrate judge recommended that: (1) the motion of defendants Corrections Corporation of America, Hoyt A. Brill and Thomas Rice to dismiss plaintiff's Section 1983 claims be granted in part and denied in

FILED 1-31-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

part;[1] (2) the motion of defendants Sally Hansen and Prison Health Services "to deny all relief requested" be denied without prejudice; (3) plaintiff's motion for a temporary restraining order and/or for a preliminary injunction and for an emergency restraining order be denied, and (4) plaintiff's motion for costs be granted. Plaintiff objects to that portion of the report and recommendation dismissing his breach of confidentiality/invasion of privacy claim for failure to exhaust administrative remedies. Plaintiff asserts that he has exhausted all available remedies as to that claim.

The court has reviewed the Step I, II and III Grievance documents submitted by plaintiff [Pltf's Objections, Exh. 1, 2 and 3] and agrees that plaintiff has satisfied the exhaustion requirement as to the breach of confidentiality/invasion of privacy claim. However, after evaluating that claim on the merits, the court concludes that plaintiff has failed to state a claim upon which relief may be granted.

Some courts have held that prisoners enjoy a constitutionally-protected right to maintain confidentiality regarding medical information, particularly with respect to HIV status. See, e.g., Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999); Clarkson v.

---

[1] Specifically, the magistrate judge recommended that the motion to dismiss "be denied without prejudice, except that the allegations in Plaintiff's Complaint against Defendants CCA, Brill and Rice based upon 42 U.S.C. § 1983 should be dismissed with prejudice."

Coughlin, 898 F. Supp. 1019, 1041 (S.D.N.Y. 1995); Nolley v. County of Erie, 776 F. Supp. 715, 729-31 (W.D.N.Y. 1991). However, other courts, including the Eighth Circuit Court of Appeals, have found that inmates do not retain a constitutional right to the confidentiality of their medical records. See Tokar v. Armontrout, 97 F.3d 1078, 1084 (8th Cir. 1996); Anderson v. Romero, 72 F.3d 518, 524 (7th Cir. 1995).

In Tokar, an HIV-infected former inmate brought a Section 1983 action against former prison officials claiming that by segregating him into a particular unit at the prison, the officials effectively disclosed his HIV-positive status to other inmates and correction officials, in violation of his constitutional right to privacy. The district court found that plaintiff had no clearly established constitutional right to non-disclosure of his medical condition. Under these facts, the Eighth Circuit Court of Appeals agreed, but suggested in footnoted dictum that certain disclosures of medical information might be actionable under the Eighth Amendment. Tokar, 97 F.3d at 1084, n.8. The court does not believe that defendants' review of plaintiff's medical records in this case constitutes the kind of unlawful disclosure contemplated by the Eighth Circuit.[2]

[2] The court also notes that plaintiff has premised his privacy claim on the First Amendment, which the Eighth Circuit has clearly not addressed as a basis for a prisoner breach of medical confidentiality claim.

According to the record before the court, defendant Asst. Warden Rice reviewed plaintiff's medical records for the sole purpose of resolving plaintiff's grievance over the prison pharmacy's failure to timely dispense his Zantac. There is no indication that Rice disclosed medical information to any other person. Defendant Rice's actions simply do not implicate a substantial risk of serious harm to plaintiff, nor do they rise to the level of "deliberate indifference" necessary to sustain a claim under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994) (to state a constitutional violation a prisoner must establish first, that he is incarcerated under conditions posing a substantial risk of serious harm, and second, "deliberate indifference" to that risk); Anderson, 72 F.3d at 523 ("We can imagine ... that branding or tattooing HIV-positive inmates ..., or making them wear a sign around their neck that read "I AM AN AIDS CARRIER!," would constitute cruel and unusual punishment.")

Even if plaintiff had effectively stated a constitutional violation, the court would entertain dismissal of the claim on the basis of qualified immunity. See Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998) (holding that to overcome the defense of qualified immunity, the plaintiff must "assert a violation of a constitutional or statutory right; that right must have been clearly established at the time of the violation; and, given the facts most favorable to the plaintiff, there must be no genuine

issues of material fact as to whether a reasonable official would have known that the alleged action indeed violated that right.")

For these reasons, the court concludes that plaintiff's right of privacy claim must be dismissed on the merits with prejudice. In all other respects, the court affirms the conclusions of the magistrate judge. Therefore, based on a de novo review of the file and record, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss of defendants Brill, Rice and CCA [Doc. No. 10] is granted.

2. The motion of defendants Sally Hansen and Prison Health Services "to deny all relief requested" is denied without prejudice.

3. Plaintiff's Section 1983 claims regarding defendants' failure to provide Zantac and defendants' alleged violation of plaintiff's right to privacy are dismissed with prejudice as to defendants Brill, Rice and CCA. Plaintiff's "criminal conspiracy" claim under Sections 1983 and 1985 and his Fourteenth Amendment equal protection claim are dismissed without prejudice as to defendants Brill, Rice and CCA for failure to exhaust administrative remedies. Plaintiff's state law claims (negligence/gross negligence and statutory medical records access violations) remain viable as to defendants Brill, Rice and CCA. All claims, both state and federal, remain viable as to defendants

Hanson and Prison Health Services until such time as these defendants file a fully-briefed dispositive motion.

4. Plaintiff's motion for a temporary restraining order and/or for a preliminary injunction and for an emergency restraining order is denied.

5. Plaintiff's motion for costs is granted.

6. Defendant Hanson shall pay plaintiff $97.50 in costs.

Dated: January 30, 2001

David S. Doty, Judge
United States District Court