UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES A. MENTEK,

Plaintiff,

v.

MS. S. HANSON (HSA), PRISON HEALTH SERVICES, HOYT A. BRILL (Warden), THOMAS RICE (Asst. Warden), and CORRECTIONS CORPORATION OF AMERICA,

Defendants.

CIVIL NO. 00-1249 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter came on before the undersigned upon Defendants Hoyt Brill, Corrections Corporation of America and Thomas Rice's Motion to Dismiss [Docket No. 32]; Defendant Ms. S. Hanson's Motion for Summary Judgment [Docket No. 37]; Plaintiff's Notice [Motion] to Voluntary Dismiss Without Prejudice [Docket No. 40]; Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment [Docket No. 44] and Defendant Prison Health Services' Motion for Extension of Time to Be Included as a Party Defendant Requesting Summary Judgment [Docket No. 45]. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Plaintiff's Notice [Motion] to Voluntary Dismiss Without Prejudice [Docket No. 40] should be granted, and that the other Motions be denied as moot.

## PROCEDURAL HISTORY

The Complaint in this matter was filed on May 19, 2000. It was amended on June 16, 2000 [Docket No. 6]. Three of the Defendants (Hoyt Brill, Corrections Corp. of

FILED APR 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

America and Thomas Rice) made a Motion to Dismiss [Docket No. 10]. This Court recommended and the District Court ordered that said Defendants' Motion to Dismiss be granted in part [Docket Nos. 30 and 35]. The Order dismissed with prejudice "Plaintiff's Section 1983 claims regarding Defendants' failure to provide Zantac and Defendants' alleged violation of Plaintiff's right to privacy." It dismissed other claims without prejudice. Defendants Brill, CCA and Rice then made a Motion to Dismiss [Docket No. 32], and Defendant Sally Hanson made a Motion for Summary Judgment [Docket No. 37]. Defendant Prison Health Services has made a Motion for Extension of Time to be Included as a Party Defendant Requesting Summary Judgment [Docket No. 45]. Plaintiff now has made a Motion to be permitted to dismiss his Complaint without prejudice [Docket No. 40].

**FINDINGS OF FACT/REPORT**

Before response to a complaint, a plaintiff has an automatic right to obtain a dismissal without prejudice. Fed. R. Civ. P. 41(a)(1). After response, permission to dismiss without prejudice becomes discretionary, and is subject to appropriate terms. Fed. R. Civ. P. 41(a)(2); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990). The purpose of allowing a defendant to object to a dismissal under Rule 41(a)(2) is primarily to prevent voluntary dismissals that prejudice the defendant, and to permit the Court to impose appropriate conditions. Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984); Marlow v. Winston & Strawn, 19 F.3d 300, 303 (7th Cir. 1994).

If granting the motion will prejudice the defendant, the motion should be denied. Paulucci, 826 F.2d at 783; Williams v. Ford Motor Credit Co., 627 F.2d 158 (8th Cir. 1980). A court is more likely to grant a voluntary dismissal without prejudice if the proceedings are still at a preliminary stage. See Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54 (7th Cir. 1980). Courts "generally will grant dismissals [without prejudice] where the

only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci, 826 F.2d at 782 (citing Conafay By Conafay v. Wyeth Lab., 793 F.2d 350, 352-53 (D.C. Cir. 1986) and Kern v. TXO Prod. Corp., 739 F.2d 968, 970-71 (8th Cir. 1984)).

Courts may also grant the Motion to Dismiss Without Prejudice with conditions. The failure of the District Court to impose conditions may be reversed on appeal. E.g. Kern, 738 F.2d at 972. In considering the motion, or in imposing conditions, the court should consider factors such as defendant's effort and expense incurred to date, plaintiff's diligence, rationale for dismissal, and whether defendants have filed a motion to dismiss. Grover By Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Clark v. Tansey, 13 F.3d 1407, 1411 (10th Cir. 1993); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987).

In this case, although Defendants have filed Motions to Dismiss, the time associated with that effort does not appear to have been substantial. At the same time, however, Plaintiff has not been diligent, and he does not offer a strong rationale in support of his Motion. Balancing Defendants' desire for an immediate determination of the allegations against the potential that the claim will not be pursued, the Court determines that there are other means to protect Defendants from prejudice, now and in the future. The Court mitigates Defendants' burden by imposing the condition of the payment by Plaintiff to Defendants all of their costs incurred in the present action, together with attorneys' fees for each Defendant in the sum of $100, as a prerequisite to refiling. See Kern v. TXO Prod. Corp., 738 F.2d 968, 972 (8th Cir. 1984); Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guar. Ass'n., 56 F.3d 977 (8th Cir. 1995).

Plaintiff's Motion to Dismiss Without Prejudice is brought after the Court has already considered and finally determined certain of the issues pending in this matter, and

after the Court has already dismissed certain claims with prejudice. In recommending that the Plaintiff be allowed to now dismiss his complaint without prejudice, we do not revive the opportunity for Plaintiff to replead claims already dismissed.

Since the Plaintiff's Motion to Dismiss Without Prejudice is granted, the Court need not determine the remaining Motions, which are moot.

**RECOMMENDATION**

For the foregoing reasons, it is hereby recommended:

1. That Plaintiff's Motion to Voluntarily Dismiss Without Prejudice [Docket No. 40] is denied in part and granted in part as follows:

   a. Plaintiff's Motion to Voluntarily Dismiss be denied insofar as it seeks to dismiss without prejudice those claims which have already been ordered to be dismissed with prejudice.

   b. Plaintiff's Motion be granted in part, and that the remaining claims in the Complaint shall be dismissed upon condition that Plaintiff certify that he has paid Defendants' costs and attorneys' fees as ordered as a prerequisite to refiling a Complaint containing any of said claims.

2. Defendants Hoyt Brill, Corrections Corporation of America and Thomas Rice's Motion to Dismiss [Docket No. 32] be denied as moot;

3. Defendant Ms. S. Hanson's Motion for Summary Judgment [Docket No. 37] be denied as moot;

4. Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment [Docket No. 44] be denied as moot; and

5. Defendant Prison Health Services' Motion for Extension of Time to Be Included as a Party Defendant Requesting Summary Judgment [Docket No. 45] be denied as moot.

Dated: April 24, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before May 9, 2001 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.